UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK

UNITED STATES OF AMERICA )
)
       Plaintiff, )
)
v. )
)
CHARLES PATRICK MONICO, )
)
       Defendant. )
_____)

### DETENTION ORDER

Before the Court is the government's motion to detain defendant **CHARLES PATRICK MONICO** prior to trial and until the conclusion thereof pursuant to 18 U.S.C. § 3142(e). Having heard evidence and considered the factors enumerated in Section 3142(g)(3), the Court finds that the defendant is a risk of flight and that no condition or combination of conditions will reasonably his appearance as required. Accordingly, the Court hereby orders that **CHARLES PATRICK MONICO** be detained prior to trial and until the conclusion thereof under the provisions of 18 U.S.C. § 3142(i).

### FINDINGS OF FACT

1. The defendant is charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations Act (RICO) in violation of 18 U.S.C. § 1962(d) (Count 1) and being an accessory



after the fact to murder in violation of 18 U.S.C. § 3 (Count 19).

The Indictment alleges that **MONICO** was a member of the South Florida crew of the Gambino Crime Family who primarily assisted defendants Frederick J. Massaro and Ariel Hernandez in the negotiation of counterfeit checks at businesses located within the Southern District of Florida on behalf of the enterprise. In addition, on or about March 21, 1999, **MONICO,** Anthony Raymond Banks, Frederick J. Massaro and Ariel Hernandez removed items such as bed sheets, towels, pillow cases, etc. with the intent to remove evidence of the murder of Jeanette Smith from room 121 of the Olympia Beach Resort.

2. The pretrial services report reflects that the defendant has been convicted eight times. His criminal history dates back to New York City in the mid-1970s. On April 10, 1975, he was convicted of a class A misdemeanor involving fraud, resisting arrest and disorderly conduct. On June 30, 1976, he was convicted of second degree assault, resisting arrest and criminal possession of substances. Although he was arrested numerous times upon coming to South Florida, his first conviction appears to be for resisting an officer, trespass, assault and burglary on August 20, 1983. On December 17, 1983, he was convicted of resisting arrest. On February 3, 1989, he was convicted of trespass after warning. On January 11, 1991, he was convicted of disorderly intoxication and aggravated battery on a police officer. On January 14, 1992, he was

convicted of burglary and grand theft in the third degree and was sentenced to nine months' in jail. On July 22, 1993, he was convicted of vehicle theft and obstruction/false information. Although he has been arrested several other times in South Florida, he was last convicted on July 22, 1999 for third degree grand theft.

3. The defendant's potential sentence, as calculated by the government, is 135 - 168 months. This estimate is based on an offense level of 31 and a criminal history of III.

4. The pretrial services report also reflects that despite living in South Florida for the past 25 years, the defendant has minimal ties to the community. The defendant is single with no children. His mother, three brothers and two sisters all reside in New York. The defendant told the pretrial services officer that he has had no contact with his family for several years. The defendant stated that, prior to being arrested, he lived at 1526 N.W. 42 Street, Miami, Florida for three months and prior to that he lived in various apartments for six month intervals. The pretrial services report reflects that for the past year the defendant was a helper/laborer for Vertec Construction and prior to that he was employed in the maintenance department at the Seabreeze Hotel. The defendant has no assets either in the United States or abroad.

5. Based on the above, the Court finds by a preponderance of the evidence that the defendant poses a risk of flight and no

condition or combination of conditions would reasonably assure the appearance of the defendant as required.

Accordingly, the Court hereby ORDERS:

(a) That defendant **CHARLES PATRICK MONICO** be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That defendant **MONICO** be afforded reasonable opportunity for private consultation with counsel; and

(c) That on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant **MONICO** is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this ___ day of December, 2000.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

cc: Pretrial Services
    Marshal's Service
    AUSA Jeffrey H. Sloman
    Thomas Almon, Esq.