UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6273-CR-HUCK/BROWN

FILED BY _____ D.C.

01 JUL -9 PM 12: 35

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL - MIAMI

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**ANTHONY TRENTACOSTA, et al.,**

Defendants.
_____/

## GOVERNMENT'S NOTICE OF MOTIONS WHICH ARE RIPE FOR DISPOSITION

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and files the instant Notice advising the Court as to those pending motions in the instant case which are ripe for consideration and disposition.

At the status conference before The Honorable Paul C. Huck which occurred on June 21, 2001, the Court gave the defense ten days within which to reply to the government's responses to defense motions which had been previously filed. The Court also ordered that, thereafter, the government was to provide the Court with a list of all pending motions in the instant case which are ripe for consideration. Since the date of that order, no defense replies have been filed. Consequently, the following motions are ripe for consideration and disposition by the Court:

1. Motions Attacking the Indictment

   **Defense Motions**: Motion by Frederick J. Massaro to Dismiss Indictment, RICO Conspiracy (DE 161); Memorandum by Frederick J. Massaro in Support of Motion to Dismiss (DE 162); and Initial Motion by Frederick J. Massaro to Dismiss Murder Related Counts (DE 163). **Government Response**: Government's Response to Defendant Massaro's Motions to Dismiss Count 1 and Counts 17-20 (DE 265).



2. Severance

**Defense Motions**: Motion by Ariel Hernandez to Sever the Trial of All Co-defendants or, in the Alternative, Motion in Limine to Preclude Introduction of Statements Made by Co-defendants After Ariel Hernandez Was No Longer a Member of the Conspiracy (DE 183); Motion by Ariel Hernandez to Sever Counts 17 and 18 and to Strike Allegations of the Murder of Jeanette Smith (DE 188); Motion by Julius Bruce Chiusano for Severance of Counts 17-20 (DE 197); and Motion by Anthony Trentacosta for Severance (DE 227). **Government's Response**: Government's Response to Defendants Trentacosta's, Hernandez' and Chiusano's Motions for Severance (DE 266).

3. Discovery[1]

**Defense Motions**: Motion by Ariel Hernandez to Strike Government's Discovery Response for Failure to Provide True and Accurate Copies of Intercepted Wire Communications and to Order Production of "Line Sheets" (DE 221); Motion by Ariel Hernandez for Discovery and Suppression of Co-conspirators' Statements and Memorandum of Law (DE 187); Request by Ariel Hernandez for Specific Brady Material and Memorandum of Law and for Immediate Disclosure (DE 191); Request by Frederick J. Massaro for Specific Brady Material and Memorandum of Law and for Immediate Disclosure - Potential Death Case (DE 156); and Motion for Accelerated Disclosure of Brady, Jenks [sic], Kyle, Agurs Related Materials (DE 164). **Government Responses**: Government's Response to Defendant Hernandez' Motion To Strike Government's Discovery Response for Failure to Provide True and Accurate Copies of Intercepted Wire

---

[1] Defendant Ariel Hernandez had previously filed a Motion For Disclosure of Rule 404 Evidence and Memorandum of Law (DE 186). However, during a status conference before Judge Huck which occurred on April 19, 2001, the government advised the Court that it had complied with the defendant's request by divulging all evidence which the government may offer at trial, including such evidence which may be offered under Rule 404(b), as inextricably intertwined evidence, or otherwise. Thus, this Motion has been rendered moot. Additionally, defendant Ariel Hernandez had previously filed a Request for Disclosure of Expert Testimony (DE 190). During the aforesaid status conference on April 19, 2001, the government advised the Court that it would comply with that request within ten days. The government did so on April 26, 2001 (DE 256). Thus, this Request has also been rendered moot.

Communications and to Order Production of Line Sheets" (DE 264); Government's Response to Defendant Hernandez' Motion for Discovery and Suppression of Co-Conspirator' Statements (DE 274); and Government's Response to Defendants Trentacosta's and Hernandez' Motions for Brady Material (DE 278).

4. Electronic Surveillance - Suppression

**Defense Motions**: Motion by Anthony Trentacosta to Suppress Wiretap Evidence (DE 228); Motion by Ariel Hernandez to Suppress Intercepted Wire Communications (DE 231); Motion by Frederick J. Massaro to Suppress Evidence Derived From Illegal Electronic Surveillance in State Proceeding, Request for Evidentiary Hearing and Incorporated Memorandum of Law (DE 159); and Initial Motion by Frederick J. Massaro to Quash Search Warrants and Suppress Evidence, Wire Tap Derivative, With Authority (DE 157). **Government's Responses**: Government's Response to Defendants Trentacosta's, Hernandez' and Massaro's Motions to Suppress Wiretap Evidence (DE 272); and Government's Notice of Filing Copies of Wiretap Orders and Applications (Under Seal) (DE 271).

5. Defendants' Statements - Suppression

**Defense Motions**: Motion by Adam Todd Silverman to Suppress Statements (DE 229); Motion by Ariel Hernandez to Suppress Statements (DE192). **Government Responses**: Government's Response to Defendant Silverman's Motion to Suppress Statements (DE 276); and Government's Response to Defendant Hernandez' Motion to Suppress Statements (DE 275).

6. Evidentiary and Trial Issues[2]

**Defense Motions**: Motion by Ariel Hernandez for a Pre-trial James Hearing (DE 184); Motion by Frederick J. Massaro to Exclude 404(b) Evidence [403 and 404 Objections], and incorporated

---

[2] Defendant Frederick J. Massaro had previously filed a Motion for Individual Voir Dire and Incorporated Memorandum of Law (DE 196). However, during a status conference before Judge Huck which occurred on June 21, 2001, Judge Huck advised that he would be allowing some limited voir dire by counsel during jury selection. Insofar as Massaro's Motion sought sequestered individual voir dire of jurors, counsel for Massaro stated that he was withdrawing that portion of his Motion. Therefore, this Motion has been rendered moot.

3

Memorandum of Law (DE 160); and Motion by Frederick J. Massaro for Rule 104(c) Hearing Regarding Rule 404 Evidence with Memorandum of Law (DE 155). **Government Responses**: Government's Response to Defendant Hernandez' Motion for a Pre-Trial James Hearing (DE 263); and Government's Response to Defendant Massaro's Motions to Exclude 404(b) Evidence (DE 273).

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
        LAWRENCE D. LaVECCHIO
        Assistant United States Attorney
        Florida Bar No. 0305405
        500 E. Broward Blvd., Suite 700
        Fort Lauderdale, Florida 33394
        Tel: (954) 356-7255/356-7230 - fax

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by U.S. mail to the following on this 5th day of July 2001.

Richard K. Houlihan, Esq. **(for Anthony Trentacosta)**
300 Aragon Avenue, Ste. 310
Coral Gables, Florida 33134

Fred Haddad, Esq. **(for Frederick J. Massaro)**
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

Samuel D. DeLuca, Esq. **(for Francis Ruggiero)**
3451 John F. Kennedy Blvd.
Jersey City, New Jersey 07307

Jeffrey Weinkle, Esquire **(for Ariel Hernandez)**
1035 NW 11th Avenue
Miami, Florida 33136

Donald Spadaro, Esquire **(for Julius B. Chiusano)**
1000 S. Federal Highway, Suite 103
Fort Lauderdale, Florida 33316

Michael G. Smith, Esquire **(for Adam Todd Silverman)**
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Albert Z. Levin, Esquire **(for Carlos Garcia)**
888 Brickell Avenue, Sixth Floor
Miami, Florida 33131

Thomas Almon **(for Charles P. Monico)**
321 NE 26th Street
Miami, Florida 33137

Manuel Gonzalez, Esquire **(for Anthony R. Banks)**
782 NW Le Jeune Road, Suite 440
Miami, Florida 33126

LAWRENCE D. LaVECCHIO
Assistant United States Attorney

5